IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| THOMAS DRISKILL, SR., *et al.*, | ) | |
| Plaintiffs | ) | |
| v. | ) | No. 3:05-cv-21 |
| BEN W. HOOPER, II, | ) | |
| Defendant | ) | |

## MEMORANDUM OPINION

This is a *pro se* civil rights action which appears to be brought pursuant to 42 U.S.C. § 1983. Currently pending is the defendant's motion to dismiss plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(b)(1), (2) and (6). For the reasons that follow, the motion will be granted and this action dismissed.

Plaintiffs' complaint is difficult to understand. However, it appears that the plaintiff attended a hearing before Circuit Court Judge Ben W. Hooper, II, on August 18, 1998. Plaintiff showed Judge Hooper a letter indicating that he was scheduled to be in a Social Security disability hearing the next morning. He indicated to Judge Hooper that he would be found disabled based upon his medical history and psychological examination, and that the Social Security judge would find

that his disability began in April of 1997. Plaintiff claims that Judge Hooper chose to ignore his testimony and the testimony of others.

Plaintiff contends that Judge Hooper had him arrested later that day and held without bond because he had not paid court costs and fines from an unrelated driver's license problem. Also, he had filed a sworn statement of indigency because he could not work at the time and had no income. While he was in jail, he claims that he was the victim of theft, as employees of a garage stole his 42 vehicles, 2,700 new concrete blocks, and other personal items. He demands compensation in the amount of $3 million. He claims that he has been diagnosed with mental illness and cannot understand the "foreign language" of the law of the United States.

Plaintiff does not state what type of action he is filing. However, the court will treat it as a claim brought pursuant to 42 U.S.C. § 1983. Plaintiff has failed to respond to the motion in a timely manner and is therefore deemed to have waived any response. Rule 7.2, Local Rules for the United States District Court for the Eastern District of Tennessee. In addition, this court does not have authority to order this case settled through arbitration, and plaintiffs' motion seeking such an order [Court File #11] was therefore denied.

There are multiple uncontested reasons why plaintiffs' complaint must be dismissed. First, the action against Judge Hooper in his official capacity is barred by the Eleventh Amendment. *Hans v. Louisiana*, 134 U.S. 1 (1890). Second, plaintiffs' complaint is barred by the one-year civil rights statute of limitations which applies in Tennessee. *See* T.C.A. § 28-3-104(3). Third, plaintiffs' vague and conclusory allegations do not satisfy the requirements of a "short and plain statement of the claim showing that the pleader is entitled to relief" required by Rule 8, Federal Rules of Civil Procedure. The courts do not have a duty to create a claim for the plaintiff where one is not spelled out in the complaint. *See Clark v. National Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Finally, Judge Hooper is entitled to judicial immunity for any claim for money damages for acts he took within his judicial capacity. *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

For the above reasons, defendant's motion to dismiss plaintiffs' complaint [Court File #7] will be granted and this action dismissed. Plaintiffs' motion to settle case through arbitration [Court File #11] will be denied.

Order accordingly.

*s/ James H. Jarvis*<br>UNITED STATES DISTRICT JUDGE